**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

NOV 0 7 2007 *aew*
NOV 07 2007
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

UNITED STATES OF AMERICA

vs.

Criminal Case No. 1:02-cr-416-3

**07CV6321
JUDGE ANDERSEN
MAG. JUDGE KEYS**

ANGEL FIGUEROA

_____/

## FIGUEROA'S STATEMENT OF FACTS AND MEMORANDUM OF LAW IN SUPPORT OF FIGUEROA'S PETITION FILED UNDER 28 U.S.C. § 2255

Comes Now WILLIAM MALLORY KENT, as habeas counsel for ANGEL

FIGUEROA, and files this his sworn Statement of Facts and Memorandum of Law

in support of Figueroa's petition filed under 28 U.S.C. § 2255.

### STATEMENT OF THE CASE[1]

On April 29, 2002 Petitioner Angel Figueroa ("Figueroa"), along with Guillermo

Alvarez and Norberto Rodriguez, were arrested by federal and state law enforcement

agencies on charges of conspiracy to deliver a controlled substance (App. 5). On July

26, 2002, the government filed a document titled "Second Motion for Extension of

Time in Which to Return Indictment," seeking an additional 60 days to return an

_____

[1] All record references unless otherwise noted are to the Appendix in the Direct
Appeal.

indictment against Figueroa (App. 29-32). The district I court granted the motion that same day (App. 33). On September 24, 2002 a four count indictment was returned charging Figueroa with Count I conspiracy to possess with intent to distribute heroin in excess of one kilogram; Count I1 knowing possession with intent to distribute heroin; and Count IV possession of a firearm in the commission of the alleged " crimes (App. 6). Between March 15, 2004 and March 19, 2004 a jury trial was held,before the Honorable Wayne R. Anderson (App. 13). On March 23, 2004, the jury returned a guilty verdict as to Count I, a not guilty verdict as to Count IV, and a mistrial was declared as to Count I1 (App. 13). On December 22, 2005, Figueroa filed a motion to unseal the government's Second Motion for an Extension of Time in Which to Return Indictment (App. 21). The district court granted the motion of January 12, 2006 (App. 22). On January 23, 2006, Figueroa filed a motion to compel production of the government's first motion to extend time in which to return an indictment against Figueroa (App. 22, 34-36). The district court denied the motion on February 14, 2006 (App. 23, 40). On March 3, 2006 Figueroa filed a motion to dismiss the indictment or alternatively for a new trial based upon Figueroa ' s newly discovered evidence that the government failed to comply with the Speedy Trial Act (App. 41-43). The district court denied the motion on February 14, 2006 (App. 48). On July 7, 2006, Figueroa appearing *pro se*, was sentenced to be committed to the

custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of two hundred forty (240) months and to thereafter serve a term of five years supervised release (App. 26-27). Although Figueroa requested counsel for purposes of appeal at the conclusion of the sentencing hearing, and this Court stated that counsel would be appointed for purposes of appeal, that never happened. Notice of Appeal was filed on July 24, 2006 (App. 27) and Figueroa prosecuted his appeal *pro se*. In that appeal Figueroa raised the speedy trial issue presented in this 2255 petition. The Seventh Circuit denied relief solely on the ground that Figueroa's speedy trial claim had been waived by his trial counsel's failure to file a timely pretrial motion to dismiss on speedy trial grounds. *United States v. Figueroa*, 228 Fed. Appx. 611 (7th Cir. 2007) (April 19, 2007):

> Angel Figueroa was arrested and charged by complaint with conspiracy to possess heroin with intent to distribute. 21 U.S.C. § 846, 841(a)(1). Five months later, the Grand Jury indicted Figueroa for the conspiracy along with a substantive possession count, *id.* § 841(a)(1), and one count of possessing a firearm during the drug offenses, 18 U.S.C. § 924(c)(1). Eighteen months after indictment Figueroa proceeded to trial with his

third appointed lawyer.[2] The jury found him guilty on the conspiracy count but acquitted on the firearm count and could not reach a verdict on the drug-possession count. After nearly two-and-a-half more years and four more changes of counsel (Figueroa demanded the withdrawal of the first successor to his trial lawyer, and the following three lawyers moved to withdraw citing irreconcilable differences[3]), the district court finally sentenced Figueroa to a total of 240 months' imprisonment. In the interim, Figueroa had filed an unsuccessful motion in which he argued for the first time that his statutory and constitutional rights to a speedy trial had been denied. He presses the same contentions in this pro se appeal. Figueroa argues that because he was not indicted within 30 days from his arrest, and was not tried within 70 days from his indictment (excluding time exempted by statute), his indictment must be dismissed under the Speedy Trial Act. *See* 18 U.S.C. § 3161(b), (c)(1), 3162(a). ***Figueroa,***

---

[2] As this Court is aware, this statement of the Court of Appeals was incorrect. Figueroa's counsel were all retained, with the exception of Jennifer Vollen, the attorney who was appointed at first appearance on the complaint. She was appointed April 30, 2002 and just days later, May 3, 2002, Figueroa had retained counsel, Catharine O'Daniel. [District Court Docket 4 and 13]

[3] In the pleadings of record, only attorney Leonard cited irreconcilable differences. [District Court Docket 236]

*however, waived his rights under the Speedy Trial Act because he*

*did not move to dismiss his indictment before trial.* See § 3162(a)(2);

*United States v. Morgan,* 384 F.3d 439, 442-43 (7th Cir.2004).

Figueroa's contention that he could not have acted before trial because

he was not aware of the purported statutory violations is frivolous.

*United States v. Figueroa,* 228 Fed. Appx. 611, 612 (7th Cir. 2007) (emphasis

supplied).

This petition has followed in a timely manner within one year of Figueroa's

conviction becoming final on direct appeal.

## STATEMENT OF THE FACTS

On April 29, 2002, Petitioner Angel Figueroa ("Figueroa") along with Guillermo

Alvarez and Norberto Rodriguez, were arrested by officers of the Illinois State Police,

D.E.A. and Chicago Police Department on charges of conspiracy to deliver a

controlled substance (App. 5 ). On April 30, 2002, an initial appearance was held

before Magistrate Judge Levin (App. 5). On May 3. 2002, a preliminary hearing and

detention hearing was held (App. 5). Judge Levin found there was probable cause to

proceed with the charges in the complaint (Id). Judge Levin further found that Figueroa

should be detained pending trial (App. 5). Shortly after Figueroa was detained and

Grand Jury #623 was impaneled to hear the allegations of the case.

On July 26, 2002, the government filed a document titled "Second Motion for Extension of Time in Which to Return Indictment," seeking an additional 60 days to return an indictment against Figueroa (App. 6 , 29-32). On the same day, the district court granted the motion (App. 6 , 33). The motion and order remained sealed until February 7, 2006 (App. 22). On September 24, 2002 a four count indictment was returned charging Figueroa with Count I conspiracy to possess with intent to distribute heroin in excess of one kilogram; Count II knowing possession with intent to distribute heroin; and Count IV possession of a firearm in the commission of the alleged crimes (App.6). Between March 15, 2004 and March 19, 2004 a jury trial was held before the Honorable Wayne R. Anderson (App.13). On March 23, 2004, the jury returned a guilty verdict as to Count I, a not guilty verdict as to Count IV, and a mistrial was declared as to Count II (App.13). During a post-trial status hearing held on January 12, 2006, Counsel for Figueroa sought, with agreement from the government, the entry of an order requiring the clerk's office to unseal the government's Second Motion for Extension of Time in Which to Return Indictment (App.34-35). The district court granted the motion and late rentered an order to that effect(App.34-35). Upon receipt and review of the formerly sealed "Second Motion," Figueroa's counsel learned that in the body of that Second Motion, the government represented that it had filed a "First"motion for extension of time in which to return an indictment on some

unspecified occasion that was granted by Judge Aspen (App.35). The filing of the "First Motion" was unknown to Figueroa's counsel as no record or reference to any such "First Motion" appears in the docket entries for this action, nor does any such reference appear in the docket indicating that such a motion was granted by Judge Aspen, or by any other judge, as required by Rule 55 of the Federal Rules of Criminal Procedure (App.35-56).

In an attempt to resolve the issue informally, Figueroa's counsel contacted and conferred with the government and requested that the government produce the first motion (App.35). The government indicated to Figueroa's counsel that they did not have a copy of the first motion available as the files for the case were in storage or off-site, and that, even if the government did possess such a motion it was likely that such a "First Motion" was filed and granted under seal (App.35).

Counsel for Figueroa privately discussed this matter with the clerk's office and it was determined that no such "First Motion" for Extension of Time, or order granting such a motion, was contained in the docket and that there was no evidence indicating that the clerk's office was otherwise in possession of either the motion or order (App.35-36).

Following his discussion with the clerk, Figueroa's attorney, on January 23, 2006, filed a formal motion to compel production of the "First Motion" and any order

Page 7 of 29

granting such a motion (App.34-36). In response to the motion, the government, now in point of fact, claimed that the first motion was filed by Assistant United States Attorney Valerie Hays (who at this time was removed from the case) on May 24, 2002, although in another grand jury proceeding, 02-GJ-1588, and that both the motion and order were filed under seal (App.36) Furthermore, the government argued the motion and order were protected from disclosure under the secrecy obligations of Rule 6(e) of the Federal Rules of Criminal Procedure (App.37-39).The district court denied Figueroa's Motion (App.40).

On March 3, 2006, Figueroa filed a motion to dismiss the indictment, or alternatively for a new trial, based upon Figueroa's newly discovered evidence that the government failed to comply with the thirty-day indictment provisions of the Speedy Trial Act (App.41-43). The government responded to the motion on March 22, 2006 (App.44-46). Therein the government argued that the court did not have jurisdiction to hear the motion because more than 7 days had elapsed since the guilty verdict was returned (App.44-46). The court promptly denied the motion to dismiss the indictment or for a new trial based on newly discovered evidence as untimely (App.46). On July 7, 2006, appearing *pro se*, Figueroa was sentenced to be committed to the custody of the United States Bureau of Prisons to be imprisoned for two hundred forty (240) months and to thereafter serve a term of five years supervised release (App.26-27).

Notice of Appeal was filed on July 24, 2006 (App.27). The court of appeals affirmed April 17, 2007 and this § 2255 petition followed in a timely manner.

## GROUNDS PRESENTED

**I.   FIGUEROA'S JUDGMENT AND SENTENCE MUST BE VACATED BECAUSE HIS SPEEDY TRIAL RIGHT TO A TIMELY INDICTMENT WAS VIOLATED.**

**II.      FIGUEROA IS ENTITLED TO A *DE NOVO* RESENTENCING AND HEARING ON HIS MOTION TO DISMISS FOR SPEEDY INDICTMENT PURPOSES BECAUSE THE DISTRICT COURT FAILED TO RENEW ITS INQUIRY WHETHER FIGUEROA DESIRED COUNSEL AT HIS SENTENCING PROCEEDING.**

**III.   FIGUEROA IS ENTITLED TO A *DE NOVO* APPEAL BECAUSE FIGUEROA WAS DENIED HIS RIGHT TO COUNSEL ON APPEAL.**

## ARGUMENTS

## I.    FIGUEROA'S JUDGMENT AND SENTENCE MUST BE VACATED BECAUSE HIS SPEEDY TRIAL RIGHT TO A TIMELY INDICTMENT WAS VIOLATED.

Figueroa argues that his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, et seq. , was violated when the government failed to indict within 30 days from the date of his arrest.  The Act states that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).  The Act also provides that if no indictment is filed within the statutory time limit, then the "charge against that individual contained in such complaint shall be dismissed." 18 U.S.C. 3162(a)(1).

It is undisputed that Figueroa was not indicted within thirty days of his arrest, and there is no competent, substantial evidence in the record to prove that the Government filed a timely and legally sufficient "First" motion to extend the speedy trial 30 day indictment time limit in this case, or that if such a motion were timely filed in sufficient form that the Court entered a timely, legally sufficient order granting a sufficient extension of time to toll the time limit until the Government's "Second" motion was filed.

Without such evidence, Figueroa is entitled to have his judgment and sentence

vacated due to the violation of his speedy indictment right.

Figueroa was arrested on a federal complaint April 30, 2002 and the speedy trial time limit expired for indictment May 30, 2002. Figueroa was not indicted until September 24, 2002. This indictment fell outside the 30 day speedy trial time limit, therefore Figueroa was entitled to have it dismissed.[4]

_____

[4] It matters not whether the dismissal would have been with or without prejudice, because the prejudice to Figueroa for purposes of 2255 analysis is the indisputable fact that Figueroa was tried, convicted and sentenced on an indictment that was subject to dismissal. It is not sufficient for the Government to *speculate* that another grand jury at another time might have reindicted Figueroa had the court dismissed this indictment without prejudice to reindict. If that were sufficient the indictment requirement of the Constitution would be for naught, or put otherwise, the indictment clause of the Constitution prohibits this Court from finding that Figueroa was not prejudiced when he was tried, convicted and sentenced on an indictment that was subject to dismissal. *See Greenup v. United States*, 401 F.3d 758, 763-765 (6th Cir. 2005) (apparently assuming without discussion that sufficient prejudice for 2255 purposes was shown by failure to file timely motion to dismiss for preindictment delay under §3161)(opinion ordered depublished according to Westlaw Keycite); *See also Baxter v. United States*, 140 Fed.Appx. 82 (1th Cir. 2005) (analysis of 2255 statutory speedy trial claim with no discussion of prejudice, *i.e.* prejudice inherent in loss of dismissal); *Handy v. United States*, 145 F.3d 1331 (6th Cir. 1998) (unpublished)(deciding 2255 speedy indictment claim without consideration of prejudice other than whether indictment was subject to dismissal); *United States v. Camposieno*, 127 F.3d 1107 (9th Cir. 1997)(unpublished) (deciding 2255 speedy indictment claim without discussion of prejudice); *United States v. Berry*, 21 F.3d 1116 (9th Cir. 1994)(unpublished) (deciding 2255 speedy trial claim without discussion of prejudice). This is in contrast to constitutional speedy trial claims in which the defendant claims that undue delay in indictment would have rendered an indictment subject to dismissal under *Sixth Amendment* speedy trial grounds. In that setting, the defendant would not have been automatically entitled to the dismissal and the defendant has the burden of showing that the *delay* caused him prejudice before he is

Under the Speedy Trial Act Figueroa was required to assert his speedy trial demand prior to commencement of trial. Figueroa's trial commenced March 15, 2004. Figueroa did not file his motion to dismiss until after trial, March 3, 2006. This was not a strategic choice by Figueroa. Instead, Figueroa asserts that none of his counsel prior to trial ever advised him of his speedy trial rights, nor discussed with him making a strategic choice to waive his right to speedy trial. Had Figueroa's counsel advised him of his speedy trial right, he would have insisted on the exercise of that right, and this Court would have been required to dismiss his untimely indictment.

At the hearing on his post trial speedy trial motion to dismiss the Government responded by stating that Figueroa's then counsel had consented to the waiver of speedy trial - - as to the "Second" motion to extend the speedy trial indictment time limit, but failed to specifically address the "First" motion, and indeed, the "First" motion was never made part of the record for purposes of the hearing on the motion to dismiss. The Government noted that Figueroa was attempting to cooperate with the Government and therefore it was in his best interest to waive speedy indictment. Although it is conceivable that a defendant would agree to waive his speedy indictment

---

entitled to the discharge in the first place. *See e.g. United States v. Smith*, 80 F.3d 1188, 1191-1192 (7th Cir. 1996). Instead the burden is on the Government at this stage to argue why the dismissal that this Court must now enter should not be without prejudice.

right while attempting to cooperate, there is no necessity that he do so, nor is there any advantage to him in doing so, particularly in a serious drug case such as this. It is not as though if through cooperation the Government would ever agree to file anything less than charges that captured the real offense conduct in a case of this type; and were it some extraordinary super-cooperation that would yield such an unheard of disposition, there is nothing about the filing of an indictment that would prevent a plea agreement reducing the charge.

In reliance upon the Government's representation and apparently overlooking that the Government failed to address its response to the "First" motion, this Court denied Figueroa's motion finding that his counsel (and inferentially Figueroa) had intentionally waived his speedy trial rights.

In denying relief on this claim on direct appeal, the Seventh Circuit declined to endorse this Court's merits finding and refused to reach the merits of this question, instead concluding that Figueroa waived his speedy indictment challenge by not filing a timely motion at the district court. Figueroa agrees with this conclusion. *Ipso facto* his district court counsel was ineffective for not filing a timely motion to discharge under the speedy trial act.

Figueroa asserts that none of his counsel ever discussed the right to speedy indictment with him before trial and there was no intentional relinquishment or waiver

Page 14 of 29

of this right on his part.[5] Instead, the failure of his counsel to advise him of his right

to speedy trial and to allow him to exercise his right to challenge the indictment on

speedy trial grounds constitutes classic *Strickland* ineffective assistance of counsel.

Both *Strickland* prongs are met, deficient performance and prejudice.[6]

If and when the Government or Court produces of record for Figueroa to

review the "First" motion to extend and the "First" order extending the speedy

indictment time limits, Figueroa requests permission to then respond with a

supplemental memorandum of law addressing the specifics of the "First" motion and

"First" order. For purposes of this initial pleading Figueroa can only argue from what

is of public record and which has been disclosed to him. Therefore Figueroa's

---

[5] Indeed during the first thirty day time period that would have been covered by the "First" motion to extend, Figueroa was detained out of state and had virtually no contact with his counsel. His counsel did not visit him in the out of state detention facility until *after* the expiration of the initial 30 day speedy indictment time limit, and in that visit and afterward never discussed with Figueroa his right to speedy indictment.

[6] The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). "To show ineffective assistance of counsel, [the Petitioner] must show that (1) his attorney's representation was deficient and that (2) this deficient performance so prejudiced his defense that the resulting proceedings against him were fundamentally unfair and unreliable. *United States v. Kellum*, 42 F.3d 1087, 1094 (7th Cir.1994) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 368-71, 113 S.Ct. 838, 842-43, 122 L.Ed.2d 180 (1993) and *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984))." *Prewitt v. United States*, 83 F.3d 812, 816-817 (7th Cir. 1996).

arguments herein are limited to his argument that there was no timely and legally sufficient "First" motion and "First" order, and alternatively that the "Second" motion and order were legally insufficient.

Clearly if there actually is a "First" motion and order it needs to be disclosed to Figueroa at this time and Figueroa requests that it be unsealed. Additionally the Clerk of the Court needs to document *when* the "First" motion and order were docketed, if they were docketed under a sealed docket, because even if both documents exist, if they were not timely docketed, they are ineffective.

Additionally Figueroa requests that transcripts be produced and disclosed of any *ex parte* or other sealed proceedings relating to the "First" and "Second" motion and order to extend for the purpose of determining if the district court was advised that Figueroa had in fact consented to the extension as part of a cooperation strategy. The "Second" order's language suggests that this may have been discussed with the district court and relied upon by the district court in granting the "Second" motion and - - if there is a timely "First" motion and order - - likewise may have lay at the root of that determination as well.

The "decision as to access [to judicial records and documents, including the duration of time they may be sealed] is one best left to the sound discretion of the trial court." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S.Ct. at 1312

(1978)(cited in *Matter of EyeCare Physicians of America*, 100 F.3d 514 at 518 (7th Cir. 1996). " Parties seeking grand jury transcripts ... must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. " *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). "[O]ne seeking disclosure of grand jury proceedings must demonstrate more than relevance . . . [S]ecrecy is not broken 'except where there is a compelling necessity' for the material." *Hernly v. United States*, 832 F.2d 980, 983-84 (7th Cir.1987). "'Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations.' " Id. at 984 (citation omitted). The "request for grand jury material [must be] more than a request for authorization to engage in a fishing expedition." *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984).

Figueroa does not seek grand jury transcripts or even minutes, rather Figueroa seeks only the "First" motion and order to extend the speedy indictment time limit, and if there were any *ex parte* proceeding in connection therewith, a transcript of that proceeding.  Figueroa has no objection to that transcript being redacted, if necessary, to avoid the disclosure of any previously undisclosed informant or cooperating witness or other matter as to which Grand Jury secrecy still obtains, although given the

passage of years, the fact that the case went to trial, and the limited right to non-disclosure under Rule 6(e)(6), which provides that records, orders and subpoenas relating to grand jury proceedings shall be kept under seal only to the extent and for so long as is necessary to prevent disclosure of matters occurring before a grand jury, it is hard to imagine any scenario where Grand Jury secrecy would continue to weigh against the limited disclosure sought by Figueroa.

"In a case where a particularized need is established 'the secrecy of the proceedings is lifted discretely and limitedly.'" "In determining whether the party requesting disclosure has met his burden, the district court has 'substantial discretion.'" Id. (citation omitted). "District courts that contemplate ordering disclosure must consider the possible effects upon the functioning of future grand juries." Matter of Grand Jury Proceedings, Special September, 1986, 942 F.2d 1195, 1199 (7th Cir. 1991). Figueroa has met the required showing of particularized need and has sought no greater disclosure than necessary for the issue presented by this petition.

This information would be of crucial significance to Figueroa's argument, because the Government represented to this Court at the hearing on the motion to dismiss that that was the context of the motion and extension - - at least as to the "Second" motion. We do not mean to suggest or imply that the Government

misrepresented this to this Court at that hearing. Instead, our position is that the Government *was misinformed* as to the status of the communications between defense counsel and Figueroa regarding this matter. We accept the Government's representation at face value that it was under the impression from its discussions with *defense counsel* that the defense had no objection to and indeed supported the waiver of the speedy indictment right. This leaves unanswered, however, whether *the defendant personally* had ever been informed of his right and intentionally relinquished it.[7]

Based on what is in the record at this point, it appears that at least the "Second" motion, and if there were a timely "First" motion, likely the "First" motion as well, was granted by the district court acting in reliance on a mistaken representation that Figueroa was in agreement with the waiver of his right to speedy indictment.[8] If so, then the "First" and "Second" orders should be set aside as having been predicated on a material mistake of fact and law, that is, that Figueroa had not in fact intentionally

---

[7] It also leaves open the possibility that there was an honest mis-communication or misunderstanding between defense counsel and the Government attorney on this point. At the hearing on the motion to dismiss, Figueroa proceeded *pro se* and his prior counsel was not present to respond to the Government's statements nor was Figueroa in a position to do so.

[8] In effect this is already law of the case, because this is the basis upon which this Court denied Figueroa's motion to dismiss.

waived his right to speedy indictment.[9]

Alternatively, Figueroa argues that the motion and order extending the speedy indictment time limit was insufficient under *Zedner v. United States*, 126 S.Ct. 1976 (2006). Although the "Second" order makes two abbreviated findings in support of the justification of the extension of time, the order fails to specifically address each of the factors set forth in 18 U.S.C. § 3161(h)(8)(B). The "Second" order is little more that the *pro forma* finding disallowed by *Zedner* and the ground submitted and found are insufficient in the absence of a knowing waiver by the Defendant.

---

[9] The question is not whether the district court might have granted the motion absent the mistaken representation that Figueroa desired to waive his speedy indictment right, but that the district court in fact granted the motion on the basis of a non-existent waiver.

## II. FIGUEROA IS ENTITLED TO A *DE NOVO* RESENTENCING AND HEARING ON HIS MOTION TO DISMISS FOR SPEEDY INDICTMENT PURPOSES BECAUSE THE DISTRICT COURT FAILED TO RENEW ITS INQUIRY WHETHER FIGUEROA DESIRED COUNSEL AT HIS SENTENCING PROCEEDING.

Figueroa was not represented by counsel at the hearing on his motion to dismiss on speedy indictment grounds and at his sentencing which followed, nor did this Court make or renew any *Faretta* inquiry whether Figueroa wanted counsel before proceeding. Deprivation of counsel is a structural error requiring a *de novo* resentencing and a *de novo* hearing on his motion to dismiss without showing that Figueroa was prejudiced by the lack of counsel at the hearing and sentencing.

The Sixth Amendment requires that criminal defendants must be provided with counsel unless the right is competently and intelligently waived. *See Gideon v. Wainwright*, 372 U.S. 335, 339-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). As the Supreme Court has repeatedly emphasized, "[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." *Powell v. Alabama*, 287 U.S. 45, 68-69, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Criminal defendants have a right to counsel not only at trial but also at all critical stages of the prosecution. See *Coleman v. Alabama*, 399 U.S. 1, 9-10, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); see also *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 18

L.Ed.2d 1149 (1967) ("[I]n addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial.") (footnote omitted). The inquiry into whether a particular proceeding is a critical stage of the prosecution focuses on "whether potential substantial prejudice to the defendant's rights inheres in the ... confrontation and the ability of counsel to help avoid that prejudice." *Coleman*, 399 U.S. at 9, 90 S.Ct. 1999 (quotation omitted). The Supreme Court has made it clear that sentencing is a critical stage at which the Sixth Amendment requires the assistance of counsel. See *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); see also *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (finding a denial of due process where uncounselled defendant "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue"). Although a defendant may waive his right to counsel, see *Gideon*, 372 U.S. at 340, 83 S.Ct. 792, waiver may not be presumed from a silent record. See *Burgett v. Texas*, 389 U.S. 109, 114-15, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), cited in *Jackson v. Miller*, 260 F.3d 769, 775 (7th Cir. 2001).

Figueroa was entitled to counsel during sentencing. *Rini v. Katzenbach*, 403 F.2d 697 (7th Cir.1968). Like other constitutional rights, the right to the assistance of

counsel can be waived. *United States v. Sandles*, 23 F.3d 1121, 1126 (7th Cir.1994).

If a criminal defendant seeks to waive his Sixth Amendment right to counsel, he must

do so knowingly and intelligently. *United States v. Irorere*, 228 F.3d 816, 828 (7th

Cir.2000). In determining whether a defendant has knowingly and intelligently waived

his right to counsel, the Court is required to "'indulge every reasonable presumption

against waiver.'" *United States v. Goad*, 44 F.3d 580, 588 (7th Cir.1995) (quoting

*United States v. Belanger*, 936 F.2d 916, 919 (7th Cir.1991) (citations omitted)), cited

in *United States v. Hoskins,* 243 F.3d 407, 410 (7th Cir. 2001).

Actual or constructive denial of the assistance of counsel altogether is legally

presumed to result in prejudice, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.

2052, 80 L. Ed. 2d 674 (1984); *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L.

Ed. 2d 300 (1988); *Mickens v. Taylor*, 535 U.S. 162, 122 S. Ct. 1237, 152 L. Ed. 2d

291 (2002), and thus is not subject to the kind of prejudice analysis that is appropriate

in determining whether the quality of a lawyer's performance itself has been

constitutionally ineffective. *Perry v. Leeke*, 488 U.S. 272, 109 S. Ct. 594, 102 L. Ed.

2d 624 (1989). This is because the actual or constructive denial of the assistance of

counsel altogether casts such doubt on the fairness of the trial process that it can never

be considered harmless error. *Penson v. Ohio, supra.* Because the fundamental

importance of the assistance of counsel does not cease as the prosecutorial process

moves from the trial to the appellate stage, the presumption of prejudice extends to the denial of counsel on appeal. *Penson v. Ohio, supra.* Moreover, the presumption of prejudice applies not only to a complete denial of counsel, but to denial of counsel at a "critical stage" of the proceedings. *Mickens v. Ohio, supra.* Where the right to be assisted by counsel of one's choice is wrongly denied, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation, since the right to select counsel of one's choice is not derived from the Sixth Amendment's purpose of ensuring a fair trial; thus, deprivation of the right is complete when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. *United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006).

---

Sentencing merits issue.[10]

---

[10] This Court imposed what appeared to be the minimum mandatory sentence therefore no apparent prejudice resulted from the *sentence*, however, counsel has requested copies of the underlying record, including transcripts of the change of plea and sentencing on the predicate offense which was relied upon by the Court in determining that Figueroa's instant offense was subject to the 20 year minimum mandatory penalty based on the Government's notice under 21 U.S.C. § 851, and not the 10 year minimum mandatory penalty under the indictment. Counsel requests permission to supplement this argument after those records are obtained if an argument can then be made that there was an infirmity in the underlying offense, or if it did not otherwise qualify under § 851.

Page 24 of 29

## III.   FIGUEROA IS ENTITLED TO A *DE NOVO* APPEAL BECAUSE FIGUEROA WAS DENIED HIS RIGHT TO

Figueroa was prosecuted under the 1996 version of Illinois Statutes, Chapter 720, Section 570/402(c). He was sentenced to two years probation which he completed resulting in a complete dismissal of the charges and a prohibition, under Illinois law, of the subsequent use of such prosecution under any recidivist or enhancement statute. *See* Illinois Statutes, Chapter 720, Section 570/410(f) and (g) (1996):

> (f) Upon fulfillment of the terms and conditions of probation, the court shall discharge the person and dismiss the proceedings against him.

> (g) A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime.

Figueroa is not unaware of *United States v. McAllister*, 29 F.3d 1180 (7th Cir. 1994), which held that Illinois law is not determinative of the finding of a prior felony drug conviction for § 851 purposes, citing *Dickerson v. New Banner Institute*, 460 U.S. 103, 111-12, 103 S.Ct. 986, 991-92, 74 L.Ed.2d 845 (1983). However, *McAllister* and *New Banner* speak in terms of both a probationary sentence *and a guilty plea*. Counsel has ordered a copy of the transcript of the change of plea in the Illinois case and will supplement this filing with that transcript once it is obtained. If that transcript does not show a *guilty plea*, then under *New Banner*, Figueroa's Illinois prosecution would *not qualify* as the required predicate felony for § 851 purposes, and Figueroa would not be subject to the twenty year minimum mandatory sentence.

**_Apropos_ of that matter, the Government could, in its discretion, withdraw the § 851 information prior to Figueroa's resentencing, should it choose to do so, perhaps as a negotiated settlement of this matter.**

Additionally, on the defendant's motion to dismiss on speedy trial grounds. Figueroa was prejudiced by the lack of counsel for that hearing, otherwise the arguments made in this motion could have been made at that time.

**COUNSEL ON APPEAL.**

The court inquired of Figueroa at the conclusion of the sentencing proceeding if Figueroa desired appointment of counsel for his appeal. Figueroa requested appointment of counsel. The court stated that counsel would be appointed. However, apparently due to oversight, counsel was never appointed for Figueroa on his appeal. Figueroa was required to represent himself on his appeal. The deprivation of counsel on appeal entitles Figueroa to a *de novo* appeal without showing prejudice.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In *Penson v. Ohio, supra*, the Supreme Court distinguished between two types of claims involving denial of assistance of appellate counsel. First, where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. *Penson*, 488 U.S. at 84, 109 S.Ct. 346 (citing *Strickland v. Washington*, 466 U.S. 668, 689-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). However, where the complained-of performance constituted a complete actual or constructive denial of the assistance of counsel, prejudice is presumed. *Penson*, 488 U.S. at 88-89, 109 S.Ct. at 346 ("[T]he actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.") (citation omitted); see also *Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th

Page 26 of 29

Cir.1991) (same); *Hughes v. Booker,* 220 F.3d 346, 348-349 (5th Cir. 2000).

## EVIDENTIARY HEARING

"[A] district court may not dismiss a § 2255 motion without an evidentiary hearing unless the record conclusively demonstrates that the defendant is entitled to no relief." *McCleese v. United States*, 75 F.3d 1174, at 1182 (citing *Dugan v. United States*, 18 F.3d 460, 464 (7th Cir.1994)). There is no requirement that the district court grant an evidentiary hearing for every § 2255 petition alleging factual improprieties. *Prewett.* at 819; *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989).'"It is the rule of this [c]ourt that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.'" *Prewitt*, 83 F.3d at 819 (quoting *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir.1976)).

Figueroa requests permission to supplement his request for evidentiary hearing with supporting affidavits from his prior counsel and possibly other witnesses to corroborate his factual claims herein. Such affidavits will be filed within 45 days of the filing of this pleading.

## CONCLUSION

Based on the foregoing arguments and authorities ANGEL FIGUEROA requests this Honorable Court vacate his judgment and sentence, or in the alternative, set the petition for an evidentiary hearing upon due notice.

Respectfully submitted,

THE LAW OFFICE OF
WILLIAM MALLORY KENT

William Mallory Kent
Florida Bar No. 0260738
1932 Perry Place
Jacksonville, Florida 32207-3443
(904) 398-8000
(904) 348-3124 FAX
(904) 662-4419 Cell Phone
kent@williamkent.com

I declare under penalty of perjury that the foregoing is true and correct.

Angel Figueroa

Executed on  10/26  2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

on the office of the United States Attorney, attention Assistant United States Attorney

Monika Bickert, Esq., 219 South Dearborn Street, Suite 500, Chicago, Illinois 60604,

by United States Mail, First Class, Postage Prepaid, this ___6th___ day of ~~October~~ *November*, 2007.

_____
William Mallory Kent