UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 07 C 6321 |
| v. ) | Judge Wayne R. Andersen |
| ANGEL FIGUEROA ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby submits its response to defendant ANGEL FIGUEROA's motion under 28 U.S.C. § 2255. Because defendant's motion is without merit, the Government respectfully requests that this Court deny defendant's motion.

### BACKGROUND[1]

On September 24, 2002, the grand jury charged Angel Figueroa ("defendant") in a three-count indictment, charging him with conspiracy to possess heroin with intent to distribute, a substantive possession count, and one count of possessing a firearm during the drug offenses.

---

[1] These background facts are as detailed in the docket report, which is attached as Appendix A, and described in the Seventh Circuit's opinion in *United States v. Figueroa*, 2007 WL 1175637, at *1 (7th Cir. 2007), which is attached as Appendix B. Citations to the sentencing transcript are designated "Sent. Tr." followed by the page number.

1

A jury trial was held on these charges. The trial began on March 15, 2004 and ended on March 23, 2004. The jury found defendant guilty on the conspiracy count, found him not guilty on the gun count, and could not reach a decision on the substantive possession count. On July 7, 2006, after four post-trial changes of counsel and numerous motions by the defendant, this Court sentenced defendant to 240 months imprisonment, which was the statutory mandatory minimum.

Defendant subsequently appealed his conviction to the Seventh Circuit. On appeal, defendant argued that he was not indicted within 30 days from his arrest and was not tried within 70 days from his indictment, and therefore, the Speedy Trial Act was violated. He further argued that his Sixth Amendment right to a speedy trial was violated based on this delay. The Seventh Circuit found against defendant in all respects, and affirmed the district court's judgment on April 19, 2007. On November 7, 2007, this Court received defendant's motion for relief under 28 U.S.C. § 2255.

## ARGUMENT

**I.  Defendant's Claim That His Speedy Trial Right Was Violated Is Procedurally Barred.**

Defendant's claim that his speedy trial rights were violated was actually was raised on direct appeal and was decided by the Seventh Circuit. Therefore, this claim is procedurally barred. *See, e.g., United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995) (a claim raised on direct appeal cannot be reraised in a habeas challenge). As the Seventh Circuit has often stated, "[a] § 2255 motion is 'neither a recapitulation of nor a substitute for

2

a direct appeal.'" *See, e.g., McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Defendant is not entitled to re-litigate issues that were considered and rejected by the appellate court, in the absence of changed circumstances. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995)(although res judicata does not apply in § 2255 proceedings, "in the absence of changed circumstances of fact or law, we will not reconsider an issue which was already decided on direct appeal."); *United States v. Mazak*, 789 F.2d 580, 580-81 (7th Cir. 1986); *cf, Withrow v. Williams*, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring (collecting cases)).

In his direct appeal, defendant argued that his speedy trial rights under the Speedy Trial Act and the Fifth and Sixth Amendments were violated because he was not indicted within 30 days from his arrest and was not tried within 70 days of his indictment.. *See United States v. Figueroa*, 228 Fed.Appx. 611, 612 (7th Cir., 2007). The Seventh Circuit fully reviewed the issue and eventually found that there was no constitutional or Speedy Trial Act violation that occurred. *Id.* at 612-13.

The issue previously raised and decided is identical to the issue currently raised by defendant. In the absence of any changed law or circumstances, defendant is not entitled to have this issue re-litigated. Therefore, defendant's motion on this issue should be denied.

## II.    Defendant's Counsel Was Not Ineffective for Failing to File a Motion to Dismiss the Indictment.

Defendant' contends that his counsel was ineffective for failing to move to dismiss the indictment under the Speedy Trial Act.  *See* Habeas Petition at 14.  However, defendant cannot show that his counsel's performance was unreasonable or that the result of defendant's trial would have been different were it not for his attorney's alleged errors.  Therefore, defendant's claim must be denied.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's errors, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  In reviewing the adequacy of defense counsel's performance, this Court "must be 'highly deferential' and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'"  *Canaan v. McBride*, 395 F.3d 376, 384 (7th Cir. 2005) (quoting *Strickland*, 466 U.S. at 689 (internal quotation marks omitted)).  In other words, the court "presumes that counsel exercised reasonable professional judgment in making all significant decisions and otherwise rendered adequate assistance."  *United States v. Moutry*, 46 F.3d 598, 604-05 (7th Cir. 1995).

Defendant does not show that the failure to move to dismiss the indictment on speedy trial grounds was unreasonable. As this Court recognized during defendant's sentencing hearing, defendant's attorney at the time the clock extension was agreed to was Catherine O'Daniel. Sent. Tr. at 12. This Court recognized that she was a competent attorney who agreed to the extension. *Id.* Furthermore, defendant was cooperating with the government at the time. Although a cooperating defendant does not have to agree to an extension of time, in this case, it was in the defendant's best interest to do so. Giving the government and defense counsel time to meet with the defendant and determine the extent of his cooperation would obviously benefit the defendant. Defendant's subsequent trial counsel, Nathan Diamond-Falk, had no reason to question Ms. O'Daniel's decision to agree to the extension, nor did he have any reasonable basis to doubt the existence of the first motion and order to extend the indictment clock. Accordingly, there was no reasonable basis for challenging the indictment under the Speedy Trial Act.[2] Furthermore, it should be noted that the Seventh Circuit found defendant's argument that he was not informed of the speedy trial violations prior to trial "frivolous." *Figueroa*, 2007 WL 1175637 at *1. For these reasons, defendant has not succeeded in showing that he received ineffective assistance by his counsel's decision

---

[2]Defendant's sole basis for challenging the existence of the first agreed order to extend the clock is the fact that it does not appear on the criminal docket sheet. However, sealed grand jury matters do not typically appear on the criminal docket sheet. The only reason the second motion and order for an extension appears on the defendant's docket sheet is presumably because that order was signed by an acting chief judge, who followed different procedures.

5

not to file a motion to dismiss the indictment

Defendant received effective assistance of counsel from his trial counsel and all of his earlier counsel. Defense trial counsel filed numerous pre-trial motions, zealously cross-examined the government's witnesses at trial, and ultimately defendant was acquitted of one of the charges against him. Moreover, given the overwhelming evidence of defendant's guilt, including the defendant's own confession, defendant cannot show that the result of his trial would have been any different with a different attorney. Therefore, defendant's claim of ineffective assistance of counsel must be denied.

### III. Defendant's Claims That He Was Denied Counsel For Purposes of His Motion to Dismiss, His Sentencing, and His Appeal Are Procedurally Barred.

As discussed above, a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.'" *See, e.g., McCleese*, 75 F.3d at 1177. Defendant did not raise the issue of not having counsel for his motion to dismiss or sentencing on direct appeal, and therefore, this issue is waived. Similarly, if defendant wished to have counsel on appeal, and the district court did not appoint counsel as expected, defendant should have filed a motion for appointment of counsel, which he did not do. Defendant also failed to raise his desire for appellate counsel in his *pro se* appellate filings. Accordingly, this claim is also waived.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the motion under 28 U.S.C. § 2255 filed by defendant Angel Figueroa.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

Dated: December 4, 2007

By: s/ Valarie Hays
VALARIE HAYS, AUSA
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8709

# CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

was, on December 4, 2007, served pursuant to the district court's ECF system as to ECF filers, if any, and a copy thereof was sent by First Class Mail to the individual identified below:

William Mallory Kent
1932 Perry Place
Jacksonville, FL 32207-3443

By:   s/ Valarie Hays
Valarie Hays
Assistant U.S. Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-8709