# Attachment B

228 Fed.Appx. 611, 2007 WL 1175637 (C.A.7 (Ill.))

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Seventh Circuit Rule 32.1. (Find CTA7 Rule 32.1)

United States Court of Appeals,
Seventh Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
**Angel FIGUEROA**, Defendant-Appellant.
No. 06-3022.
Submitted April 17, 2007.[FN*]

FN* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

Decided April 19, 2007.

**Background:** Defendant was convicted in the United States District Court for the Northern District of Illinois, Eastern Division, Wayne R. Andersen, J., of conspiracy to possess heroin with intent to distribute, and he appealed.

**Holdings:** The Court of Appeals held that:
(1) defendant waived his rights under Speedy Trial Act, and
(2) two-year delay between defendant's arrest and trial did not violate his Sixth Amendment right to speedy trial.

Affirmed.

West Headnotes

[1] KeyCite Notes 

 110 Criminal Law
     110XVIII Time of Trial
         110XVIII(B) Decisions Subsequent to 1966
             110k577.10 Factors Affecting Application of Requirements in General
                 110k577.10(9) k. Consent to or Waiver of Delay. Most Cited Cases

Defendant waived his rights under Speedy Trial Act by failing to move to dismiss his indictment before trial. 18 U.S.C.A. § 3162(a)(2).

[2] KeyCite Notes

 110 Criminal Law

    110XVIII Time of Trial
        110XVIII(B) Decisions Subsequent to 1966
            110k577.10 Factors Affecting Application of Requirements in General
                110k577.10(7) k. Necessities of Trial Procedure; Docket Congestion. Most Cited Cases

110 Criminal Law KeyCite Notes 
    110XVIII Time of Trial
        110XVIII(B) Decisions Subsequent to 1966
            110k577.15 Length of Delay
                110k577.15(3) k. Subsequent to Arrest. Most Cited Cases

110 Criminal Law KeyCite Notes 
    110XVIII Time of Trial
        110XVIII(B) Decisions Subsequent to 1966
            110k577.16 Relief; Dismissal or Discharge
                110k577.16(4) k. Prejudice or Absence of Prejudice. Most Cited Cases

Two-year delay between defendant's arrest and trial did not violate his Sixth Amendment right to speedy trial, where government dealt with pretrial matters in diligent and timely way, defendant changed counsel several times, there was no evidence of stalling by government, defendant did not raise any speedy trial objection prior to trial, and defendant did not identify any tangible impairment caused by delay. U.S.C.A. Const.Amend. 6.

*612 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 02 CR 416. Wayne R. Andersen, Judge.
Monika Bickert, Office Of The United States Attorney, Chicago, IL, for Plaintiff-Appellee.

**Angel Figueroa**, Federal Correctional Institution, Sandstone, MN, for Defendant-Appellant.

Before Hon. FRANK H. EASTERBROOK, Chief Judge, Hon. WILLIAM J. BAUER, Circuit Judge, and Hon. ILANA DIAMOND ROVNER, Circuit Judge.

**ORDER**

**\*\*1 Angel Figueroa** was arrested and charged by complaint with conspiracy to possess heroin with intent to distribute. 21 U.S.C. §§ 846, 841(a)(1). Five months later, the Grand Jury indicted Figueroa for the conspiracy along with a substantive possession count, id. § 841(a)(1), and one count of possessing a firearm during the drug offenses, 18 U.S.C. § 924(c)(1). Eighteen months after indictment Figueroa proceeded to trial with his third appointed lawyer. The jury found him guilty on the conspiracy count but acquitted on the firearm count and could not reach a verdict on the drug-possession count. After nearly two-and-a-half more years and four more changes of counsel (Figueroa demanded the withdrawal of the first successor to his trial lawyer, and the following three lawyers moved to withdraw citing irreconcilable differences), the district court finally sentenced Figueroa to a total of 240 months' imprisonment. In the interim, Figueroa had filed an unsuccessful motion in which he argued for the first time that his statutory and constitutional rights to a speedy trial had been denied. He presses the same contentions in this pro se appeal.

[1] Figueroa argues that because he was not indicted within 30 days from his arrest, and was not tried within 70 days from his indictment (excluding time exempted by statute), his indictment must be dismissed under the Speedy Trial Act. See 18 U.S.C. §§ 3161(b), (c)(1), 3162(a). Figueroa,

however, waived his rights under the Speedy Trial Act because he did not move to dismiss his indictment before trial. See § 3162(a)(2); United States v. Morgan, 384 F.3d 439, 442-43 (7th Cir.2004). Figueroa's contention that he could not have acted before trial because he was not aware of the purported statutory violations is frivolous.

Figueroa also argues that the delay before his trial violated his Sixth Amendment right to a speedy trial. This argument was not waived by its untimely assertion, so we consider it. See Barker v. Wingo, 407 U.S. 514, 524-29, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (stating that constitutional right to speedy trial must be waived knowingly and intelligently, not by omission); United States v. Alvarez, 860 F.2d 801, 821-22 (7th Cir.1988) (considering constitutional speedy trial claim not raised before trial); United States v. Kimberlin, 805 F.2d 210, 225-26 (7th Cir.1986) (same). The two-year delay between Figueroa's arrest and trial was long enough to be presumptively prejudicial, and thus the delay triggers the need for constitutional analysis.*613 See Doggett v. United States, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); United States v. White, 443 F.3d 582, 589-90 (7th Cir.2006); see also United States v. MacDonald, 456 U.S. 1, 7, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) (explaining that right to speedy trial under Sixth Amendment commences with the earlier of arrest or formal accusation). Courts examine four factors in assessing a constitutional claim: (1) whether the delay before trial was uncommonly long; (2) whether the government or defendant is more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered any prejudice in the form of oppressive pretrial incarceration, anxiety and concern, or the impairment of his defense. See Doggett, 505 U.S. at 651-52, 112 S.Ct. 2686; Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); White, 443 F.3d at 589.

**2 [2] The factors reveal that there was no constitutional violation in this case. First, though two years is a significant delay, it does not nearly approach the excessive nine years condemned by the Supreme Court in Doggett or even the acceptable five years in Barker. Second, the record shows that the government dealt with pretrial matters in a diligent and timely way, and that Figueroa changed counsel several times. Figueroa has not shown that there was any stalling by the government or anything other than "neutral" delay due to ordinary procedures and scheduling conflicts. See Barker, 407 U.S. at 531, 92 S.Ct. 2182; White, 443 F.3d at 590. Third, Figueroa did not raise any speedy-trial objection prior to trial; that decision weighs heavily against him because it suggests his assent to the delays and the absence of any resulting prejudice. Barker, 407 U.S. at 531, 92 S.Ct. 2182; White, 443 F.3d at 591. Fourth, Figueroa points to no "tangible impairment" caused by the delays. See White, 443 F.3d at 591. He makes a vague assertion that "memories faded," but he introduced no evidence at trial and does not identify any evidence that was tainted by time. Additionally, he was detained only two-and-a-half months between arrest and conviction.

Lastly, Figueroa argues for the first time here that the delay between his arrest and indictment violated his right to due process under the Fifth Amendment. The Due Process Clause protects against delay before formal accusation; it has no relevance to the period after Figueroa was arrested and charged by complaint with conspiracy. MacDonald, 456 U.S. at 7, 102 S.Ct. 1497; United States v. Wallace, 326 F.3d 881, 885-86 (7th Cir.2003); United States v. Dickerson, 975 F.2d 1245, 1252 (7th Cir.1992).

AFFIRMED.

C.A.7 (Ill.),2007.
U.S. v. Figueroa
228 Fed.Appx. 611, 2007 WL 1175637 (C.A.7 (Ill.))


Briefs and Other Related Documents (Back to top)

• 06-3022 (Docket) (Jul. 24, 2006)
END OF DOCUMENT