UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | No. 02 CR 416 |
| v.  ) | 02 GJ 1588 |
| GUILLERMO R. ALVAREZ, NOBERTO) | Chief Judge Aspen |
| RODRIGUEZ, and ANGEL FIGUEROA) | |

**GOVERNMENT'S MOTION FOR
EXTENSION OF TIME IN WHICH TO RETURN INDICTMENT**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J.
FITZGERALD, United States Attorney for the Northern District of
Illinois, respectfully moves this Court for a 60-day extension of
time in which to return an indictment or information in this case
under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8).  In support of
this motion, the government states as follows:

1.    On April 29 and April 30, 2002, defendants were arrested
pursuant to a criminal complaint that charged them with conspiring
to knowingly possess with intent to distribute approximately four
kilograms of heroin, in violation of Title 21, United States Code,
Section 846.

2.    On April 30, 2002, an initial appearance was held before
Magistrate Judge Levin. On May 3, 2002, a preliminary hearing and
detention hearing were held. Judge Levin found there was probable
cause to proceed with the charges in the complaint.  Judge Levin
further found that defendant Figueroa should be detained pending
trial and defendants Rodriguez and Alvarez should be released on
bond with various conditions, including electronic surveillance.

3.



4.    The Speedy Trial Act mandates than an indictment or information be filed within 30 days of the date of a defendant's arrest.    18 U.S.C. § 3161(b).    In this case, an indictment or information should have been returned against defendants on or before May 30, 2002.

5.    The Speedy Trial Act permits a court to enlarge the 30-day time period if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."    18 U.S.C. § 3161(h)(8)(A). Among the factors identified by Congress as relevant to this determination are the following:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

18 U.S.C. § 3161(h)(8)(B)(iii); and

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within the clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

6.    The government submits that a 60-day continuance is warranted in this case, pursuant to these factors and others, for

two reasons.  First, such a continuance will give counsel for the defendant and the government the necessary time to attempt to resolve this case prior to any indictment or with limited use of the grand jury, thus saving grand jury resources.  Second, such a continuance will give the government sufficient time to investigate the additional information ████████████████████████

████████████████████████████████████████████████

████████████████████████    Based   on   this   need   for   further investigation, it would be unreasonable to expect the government to complete  its  investigation  and  to  have  the  indictment  or information  returned  and  filed  within  the  four-week  period specified in section 3161(b).

7. Accordingly, the government respectfully requests a 60-day extension of time in which to seek the return of an indictment or information  in  this  case,  and  asks  that  the  Court  order  an exclusion of time under the Speedy Trial Act until Tuesday, July 30, 2002.  A draft order is attached to this motion.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   VALARIE HAYS
Assistant United States Attorney
219 S. Dearborn St., 5th Floor
Chicago, Illinois  60604
(312) 353-5356