UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANGEL FIGUEROA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | No. 07 C 6321 |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | |
| UNITED STATES OF AMERICA, | ) | District Judge |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the petition of Angel Figueroa, as a prisoner in federal custody, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court denies the petition.

## BACKGROUND

On April 30, 2002, Angel Figueroa was arrested and charged by complaint with conspiring to distribute heroin. At his initial appearance later that day, Figueroa was detained pending trial. On May 24, 2002, the government filed a Motion for Extension of Time in Which to Return Indictment ("First Motion"). Acting Chief Judge Charles P. Kocoras granted the First Motion on May 29, 2002, extending the time to file an indictment to July 30, 2002 ("First Order"). Figueroa was released on bond on July 18, 2002. The government filed a Second Motion for Extension of Time in Which to Return Indictment ("Second Motion") on July 26, 2002. Acting Chief Judge Ruben Castillo granted the Second Motion on July 27, 2002, extending the time to file an indictment to September 30, 2002 ("Second Order").

On September 24, 2002, the grand jury charged Figueroa in a three-count indictment: one count of conspiring to distribute heroin, one count of possessing heroin with intent to distribute, and one count of possessing firearms in furtherance of a drug trafficking crime. A jury trial was held on these charges. The trial commenced on March 15, 2004, and ended on March 23, 2004. The jury could not reach a verdict on the possession with intent to distribute charge and found Figueroa not guilty on the firearms charge. However, Figueroa was convicted of conspiring to distribute heroin. On July 7, 2006, Figueroa was sentenced to 240 months imprisonment and five years supervised release.

Figueroa subsequently appealed his conviction to the Seventh Circuit on April 17, 2007. In his direct appeal, Figueroa argued for the first time that his indictment should have been dismissed pursuant to the Speedy Trial Act because it was not filed within thirty days from the date upon which he was charged by complaint. *United States v. Figueroa*, 228 Fed. Appx. 611, 612 (7th Cir. 2007). Further, he claimed his right to a speedy trial was violated because he was not tried within 70 days of his indictment. *Id.* The Speedy Trial Act provides in relevant part:

> **(b)** Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.
>
> **(c)(1)** In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. §§ 3161(b)-(c)(1). The Seventh Circuit held that Figueroa waived his rights under the Speedy Trial Act because he did not move to dismiss the indictment before trial and found his

contention that he could not have acted before trial because he was not aware of the purported statutory violations to be frivolous. *Figueroa*, 228 Fed. Appx. at 612. Accordingly, the Seventh Circuit denied Figueroa's appeal and affirmed the district court's judgment on April 19, 2007. *Id.* at 613.

On November 7, 2007, Figueroa filed the instant petition for relief under 28 U.S.C. § 2255, claiming: 1) his judgment and sentence must be vacated because his speedy trial right to a timely indictment was violated; 2) Figueroa is entitled to a *de novo* resentencing and hearing on his motion to dismiss for speedy indictment purposes because the district court failed to renew its inquiry whether Figueroa desired counsel at his sentencing proceeding; 3) Figueroa is entitled to a *de novo* appeal because Figueroa was denied his right to counsel on appeal. On December 4, 2007, government filed a response to Figueroa's motion. At Figueroa's request, the government filed an agreed motion to disclose the First Order on May 28, 2008. On May 30, 2008, this court granted the agreed motion. After gaining access to the First Order, Figueroa filed a reply to the government's response to his habeas petition, arguing for the first time that Acting Chief Judge Kocoras's First Order extending the time to return the indictment was "legally insufficient" and that Figueroa's trial counsel was ineffective because he failed to challenge the validity of the First Order.

## **STANDARD OF REVIEW**

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

[3]

28 U.S.C. § 2255. Relief, therefore, is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

## DISCUSSION

Figueroa now alleges that he is entitled to habeas corpus relief on three grounds. Count I alleges that his judgment and sentence must be vacated because his speedy trial right to a timely indictment was violated. Within this claim, he also alleges that his counsel was ineffective for failing to object to the First Motion and for choosing not to move to dismiss the indictment under the Speedy Trial Act. In Count II, Figueroa claims that he is entitled to a *de novo* resentencing and hearing on his motion to dismiss for speedy indictment purposes because the district court failed to renew its inquiry as to whether Figueroa desired counsel at his sentencing proceeding. Finally, Count III claims that he is entitled to a *de novo* appeal because Figueroa was denied his right to counsel on appeal.

I.     **Count I: Speedy Trial Act Violation**

    A.     **Substantive Claim is Procedurally Barred**

Figueroa's first claim alleges that his right to a speedy trial under the Speedy Trial Act was violated. His grounds for this claim were that he was not indicted within 30 days from his arrest and that he was not tried within 70 days from his indictment. Figueroa also raised this argument on direct appeal and the Seventh Circuit found that Figueroa's claim regarding the indicment failed because he "waived his rights under the Speedy Trial Act" by not moving "to dismiss his indictment before trial." *Figueroa*, 228 Fed. Appx. at 612. In addition, the court

found "Figueroa's contention that he could not have acted before trial because he was not aware" of the purported Speedy Trial Act violations to be "frivolous." *Id.*

The Seventh Circuit also rejected Figueroa's claim that the delay before his trial constituted a violation of his *Sixth Amendment* right to a speedy trial. The Court employed the four factor test set forth in *Barker v. Wingo* to assess Figueroa's constitutional claim. *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (setting forth the four factors as: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." ). The Court then found that "there was no constitutional violation in this case" and that no tangible prejudice resulted from the delays. *Figueroa*, 228 Fed. Appx. at 613.

Because Figueroa's Speedy Trial Act claims have been argued and denied at the appellate level, Figueroa cannot validly raise a claim for a violation of his rights under the Speedy Trial Act in his habeas petition. Therefore, Figueroa's Speedy Trial Act claim is procedurally barred. *See, e.g., United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995) (holding that a claim raised on direct appeal cannot be raised again in a habeas challenge).

### B. Ineffective Assistance of Counsel

Figueroa's habeas petition includes an additional argument under his Speedy Trial Act violation claim which alleges for the first time that Figueroa's counsel was ineffective for failing to object to the First Motion and for choosing not to move to dismiss the indictment under the Speedy Trial Act. This argument lacks merit. In order to state a claim under the *Strickland v. Washington* test, one must satisfy its two prongs – ineffectiveness of counsel and prejudice resulting from the ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The first prong, the ineffectiveness of counsel prong, reviews whether counsel's defense satisfies the standard of "reasonably effective assistance." *Id.* To fulfill this prong, the petitioner must

affirmatively show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court must defer highly to counsel because it is far too easy, in hindsight after the petitioner has lost his case, to find that counsel's lack of success fell below the level of representation required by counsel to provide. *Id.* at 689. The petitioner must show clear evidence, in the form of specific acts or omissions, to surpass this presumption. *Id.* at 689-90. The court must examine the facts that the petitioner submits from the perspective of counsel at the time of the conduct alleged to be inadequate. *Id.* at 689.

The second prong, the prejudice prong, reviews whether counsel's act or omission had an unfavorable effect on the defense. *Id.* at 692. This prong protects against the scenario in which counsel may have acted unreasonably but the unreasonable act or omission did not prejudice the petitioner's defense. *Id.* at 691-92. To satisfy this prong, the petitioner must affirmatively show the prejudice that resulted, and must also show that there is a "reasonable probability" that his attorney's acts or omissions altered the outcome. *Id.* at 693-94. The court should make this determination while considering the totality of the evidence. *Id.* at 695.

Figueroa is unable to satisfy either prong of the *Strickland* test. With respect to the performance prong, Figueroa "bears a heavy burden when attempting to establish that his counsel was ineffective." *United States v. Donaldson*, 978 F.2d 381, 394 (7th Cir. 1992). We find that Figueroa's attorneys' actions have met an objective standard of reasonableness. In reviewing Figueroa's counsel's pre-trial behavior, we find that Ms. O'Daniel's decision not to object to the First Motion was proper because it was in Figueroa's best interest at the time since he was then cooperating with the government.

Similarly, we also find that Figueroa's trial counsel, Mr. Diamond-Falk, was not deficient. It is clear that Mr. Diamond-Falk had reasonable grounds for not questioning Ms.

O'Daniel's prior actions. In fact, he had every reason to believe, based on precedent, that even if the court dismissed the indictment, it would be dismissed without prejudice, and the government would have been able to re-indict Figueroa.

In order to satisfy the second prong under the *Strickland* test, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. In the present case, this Court finds no prejudice resulting from Figueroa's attorneys' decisions not to object to the First Motion or move to dismiss the indictment. Figueroa was cooperating with the government during the time of the First Motion and later ceased cooperating. If Figueroa's ultimate intentions of non-cooperation had been communicated to the government in a timely manner, then the government could have, and likely would have, indicted Figueroa within the thirty-day limit.

Similarly, Figueroa fails to show that his trial counsel's decision not to move to dismiss the indictment under the Speedy Trial Act resulted in prejudice to him. Judge Kocoras' rationale for granting the First Motion was simply to give the parties additional time to reach an agreement. Therefore, given this objective, it is unlikely that Figueroa would have prevailed on a motion to dismiss the indictment based on a Speedy Trial Act violation claim.

Finally, Figueroa has failed to prove that there exists a reasonable probability that this court would have dismissed the complaint or indictment with prejudice, even if he had succeeded on his Speedy Trial Act claim. Given the seriousness of Figueroa's offense and his own role in causing the delay in returning the indictment, it is highly improbable that the court would have dismissed his complaint or indictment with prejudice. If the court had elected to dismiss the indictment without prejudice, the government could then have re-indicted Figueroa, and this case would have concluded with the same verdict. Based on these reasons, this Court

finds no showing of *Strickland* prejudice. Accordingly, Figueroa's petition for habeas relief is denied as to Count I.

II.     **Count II:  *De Novo* Resentencing and Hearing on Motion to Dismiss**

Figueroa's second claim alleges that he is entitled to a *de novo* resentencing and hearing because the district court failed to renew its inquiry as to whether Figueroa desired counsel at his sentencing proceeding. The law makes clear that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Figueroa waived his right to an attorney for his motion to dismiss and at sentencing by failing to raise the issue of such legal representation on direct appeal. In addition, Figueroa has, at various stages of this case, been represented by a number of competent attorneys including:  Ms. Catharine O'Daniel, Mr. Nathan Diamond-Falk, Ms. Andrea Gambino, and Mr. Michael Leonard. During the span of this case, Figueroa has decided to fire all four of these lawyers. Because the court has ensured on multiple occasions that Figueroa had access to counsel, and it has been Figueroa's persistent termination of his counsel that has resulted in his intermittent *pro se* status, we believe we were justified in having proceeded with Figueroa's sentencing and hearing on his motion to dismiss *pro se*. Accordingly, Figueroa is not entitled to habeas relief based upon Count II of his petition.

III.    **Count III:  *De Novo* Appeal**

Figueroa's third claim alleges that he is entitled to a *de novo* appeal because he was denied his right to counsel on appeal. Although Figueroa did make a request for appellate counsel during his sentencing, if counsel was not appointed as he anticipated, he should have filed a motion for appointment of counsel, which he failed to do. Furthermore, Figueroa did not express his desire for appellate counsel in his *pro se* appellate filings. Given the court's

abovementioned persistence in appointing counsel for Figueroa and Figueroa's continual changes to his representation, we conclude that Figueroa knew the proper procedures for appointment of counsel and chose to proceed *pro se*. He cannot now use this argument to succeed on his habeas petition. Therefore, Figueroa's petition for habeas corpus is denied as to Count III.

## CONCLUSION

For the foregoing reasons, Angel Figueroa's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, terminating this case. Additionally, all pending motions [10,11, 12] are denied as moot. This is a final and appealable order.

It is so ordered.

/Wayne Andersen
Wayne R. Andersen
United States District Judge

Dated: February 9, 2009